IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JUNNE KOH**                                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:17-cv-28-KS-MTP**

**WARDEN BERKEBILE and DR. WASHINGTON**                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion to Dismiss or alternatively for Summary Judgment [28] and Plaintiff's Response [33]. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that the Motion [28] be granted and this action be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff Junne Koh, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Federal Bureau of Prisons currently housed at McRae Correctional Institution in Georgia. Plaintiff was previously housed at the Adams County Correctional Center (ACCC) in Washington, Mississippi. Plaintiff filed this lawsuit on March 8, 2017 alleging that Defendants did not provide him with fresh fruit, proper fitting clothing, and adequate dental care.

Plaintiff sued Warden Berkebile because he was not given fresh fruit on a daily basis and he was not allowed to exchange his clothing as frequently as he desired. Plaintiff sued Dr. Washington, the dentist at ACCC, because he allegedly damaged Plaintiff's teeth while providing dental treatment. As a remedy for these alleged wrongs, Plaintiff seeks monetary damages and injunctive relief.[1]

---

[1] Any injunctive relief sought by Plaintiff is now moot because he is no longer housed as ACCC.

1

On November 6, 2017, Plaintiff moved to amend his Complaint [1] to add *Bivens* claims. Mot. [14]. The Court denied his motion to amend on November 21, 2017. Order [15]. On November 22, 2017, the Court dismissed Plaintiff's claims brought under 42 U.S.C. § 1983 because Defendants are not state actors and Plaintiff was housed in a federal prison. Order [16]. The only remaining claims are those brought under state law. *Id.*

Defendants filed their Motion to Dismiss or alternatively for Summary Judgment [28] on September 4, 2018. Plaintiff filed his Response [33] on September 25, 2018. This matter is ripe for consideration.

## ANALYSIS

### *Summary Judgment Standard*

The undersigned has considered the Motion [28] under the summary judgment standard. "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.* at 1075

(emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

*Fresh Fruit and Clothing Claim*

Plaintiff states in his Memorandum in Support of Complaint [2] that he did not receive fresh fruit daily. Memo. [2] at 1. He also states that prisoners at ACCC are not allowed to exchange their old clothing for new clothing as often as Plaintiff would prefer. *Id*. at 2. The undersigned finds that these allegations do not give rise to a claim under Mississippi state law, either through common law or statute. Moreover, Plaintiff has not explained or ever discussed how these alleged conditions create a cause of action under state law. Plaintiff has failed to state a cause of action as to the alleged denial and delay of fresh fruit and clothing. Summary judgment should be granted in Defendants' favor as to Plaintiff's claims regrading fresh fruit and clothing.[2]

*Dental Malpractice Claim*

Plaintiff further alleges that he received inadequate dental care from Defendant Washington. In his Memorandum [2], Plaintiff alleges that Defendant Washington refused to provide certain dental treatment to Plaintiff, such as preventive care. *Id*. at 3. Plaintiff filed grievances about the perceived lack of dental treatment and this allegedly led Defendant Washington to provide deficient dental care by removing all the enamel from most of Plaintiff's teeth, making it impossible for Plaintiff to chew solid food with his damaged teeth. *Id*. at 5.

---

[2] Plaintiff appears to name Defendant Berkebile in regard to these claims, but he has not specifically stated how Defendant Berkebile is responsible for the lack of fruit or new clothing.

Defendant Washington moves for summary judgment arguing that (1) Plaintiff failed to provide statutorily required notice prior to filing suit as required by Miss. Code Ann § 15-1-36(15), (2) Plaintiff failed to present expert testimony in support of his claims, and (3) Defendants have provided expert testimony to demonstrate that there is no genuine issue of material fact. Plaintiff responded to the Motion for Summary Judgment [28] and asserts Defendant Washington designated himself as an expert witness and much of Defendant Washington's affidavit is false.

Notice Requirement

Miss. Code Ann. § 15-1-36(15) reads in part "No action based upon the health care provider's negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." A plaintiff's "failure to send defendants notice of intent to sue is an inexcusable deviation from the Legislature's requirements for process and notice under Miss. Code Ann. Section 15-1-36(15), and such failure warrants dismissal of [plaintiff's] claim." *Pitalo v. GPCH-GP, Inc*. 933 So. 2d 927, 928-29 (Miss. 2006); *see also Arceo v. Tolliver* 949 So. 2d 691 (Miss. 2006); *Nelson v. Baptist Mem'l Hospital-N. Miss., Inc.*, 972 So. 2d 667 (Miss. Ct. App. 2007). Mississippi Supreme Court precedent is clear that Miss. Code Ann. § 15-1-36(15) must be strictly adhered to by plaintiffs. *Id*.

Defendant Washington asserts that Plaintiff did not provide the requisite notice prior to filing this lawsuit. Defendant Washington references paragraph seventeen (17) of his declaration to provide the appropriate summary judgment evidence for this proposition, but his declaration does not have seventeen paragraphs and does not reference the notice requirement. *See* Mot. [28], Ex. A. Summary judgment may not be granted to Defendant on this ground because

Defendant has not provided competent summary judgment evidence as to whether or not Plaintiff complied with the notice requirements. *See* Fed. R. Civ. P. 56(c)(1)(A).

<u>Expert Requirement</u>

Defendant Washington further argues that he is entitled to summary judgment because Plaintiff has failed to designate an expert to establish his dental malpractice claim. Mem. [29] at 8. To establish a prima facie case of dental malpractice, the plaintiff must show:

> (1) the defendant had a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) the defendant failed to conform to that required standard; (3) the defendant's breach of duty was a proximate cause of the plaintiff's injury; and (4) the plaintiff was injured as a result.

*McGee v. River Region Med. Ctr.*, 59 So. 3d 575, 578 (Miss. 2011). "The general rule is that medical negligence may be established only by expert medical testimony, with an exception for instances where a layman can observe an understand the negligence as a matter of common sense and practical experience." *Cates v. Woods*, 169 So. 3d 902, 906 (Miss. Ct. App. 2014) (quoting *McGee*, 59 So. 3d at 578). "The success of a plaintiff in establishing a case of medical malpractice rests heavily on the shoulders of the plaintiff's selected medical expert. The expert must articulate an objective standard of care." *McGee*, 59 So. 3d at 578 (quoting *Estate of Northrop v. Hutto*, 9 So. 3d 381, 384 (Miss. 2009)). "Not only must [an] expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *McDonald v. Mem'l Hosp.*, 8 So. 3d 175, 180 (Miss. 2009) (quoting *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992)).

Defendant Washington argues that summary judgment should be granted in his favor because Plaintiff did not designate a medical expert to establish the requisite standard of care or

any breach of that standard of care. Plaintiff does not directly respond to this argument. The majority of Plaintiff's Response [33] focuses on factual disputes with Defendant Washington's affidavit and the perceived improper implementation of the Bureau of Prison's policy on dental services provided to inmates.

The undersigned finds that Plaintiff cannot establish a prima facie case of dental malpractice without expert testimony. Plaintiff has not articulated a standard of care or how that standard of care was breached by Defendant Washington. Moreover, Plaintiff has not established that any existing dental issues from which Plaintiff may suffer are causally connected to any alleged action of Defendant Washington.

Plaintiff alleges in his Memorandum [2] in support of his Complaint [1] that "[Dr. Washington] removed more than [just tartar] to damage plaintiff's teeth and pull them out later. He unnecessarily removed all the enamel out of plaintiff's teeth… And then he deceitfully painted (or filled) only the front side of the teeth." Mem. [2] at 5. Plaintiff further alleges that "[n]ow he cannot chew the solid food or cracker with his front teeth damaged by Dr. Washington… other inmates looking inside his mouth say they can see dentin from the rear side of his teeth." *Id*. It is not clear from these allegations what the standard of care is or how Defendant Washington breached the unknown standard of care. These claims can only be established by a medical expert and fall outside of the layman's exception to medical malpractice claims.[3]

---

[3] The layman's exception has been applied in matters where foreign objects were left inside patients or where patients were given the wrong medication. *Cates*, 169 So. 3d at 910 (citing *Vaughn v. Miss. Baptist Med. Ctr.*, 20 So. 3d 645, 653 (Miss. 2009)). "The layman's exception does not apply to 'situations involving judgment calls made by professionals.'" *Id*. (quoting *Smith ex rel. Smith v. Gilmore Mem'l Hosp. Inc.*, 952 So. 2d 177, 181 (Miss. 2007).

6

Because Plaintiff has not designated an expert to establish the standard of care to testify as to how the standard of care was breached or to establish causation, summary judgment should be granted in favor of Defendants on Plaintiff's dental malpractice claim.  Moreover, the undersigned notes that Defendant Washington has provided an expert opinion and Plaintiff has not provided any expert opinions to rebut Defendant Washington's opinion. *See* Notice of Service of Designation of Experts [30].  As Plaintiff has not supported his claims with competent evidence, summary judgment is warranted.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Motion [28] be granted and this matter be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

THIS the 12th day of March, 2019

                                          <u>s/ Michael T. Parker</u>
                                          United States Magistrate Judge